IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MARTRE, | ) | CASE NO.  3:20-cv-416 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| WARDEN NEIL TURNER, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | |
| | ) | **ORDER** |

Pending before the Court are three motions filed by *pro se* Petitioner Derrick Martre: (1) a Supplemental Motion to expand the record filed on June 1, 2021 (Doc. No. 32); (2) a Motion to Remand Case Back to State Court with Specific Instructions filed on July 14, 2021 (Doc. No. 34); and (3) a Motion for Bond Pending Resolution of Habeas Petition filed on July 27, 2021 (Doc. No. 37). Respondent filed an opposition to Martre's motion for bond (Doc. No. 38) and Martre filed a response (Doc. No. 39). For the reasons explained below, Martre's motions are DENIED.

The extensive procedural background of this case has been detailed in a prior order and will not be reproduced herein. See Doc. No. 26, pp. 2-14. To summarize, Martre's Petition challenges his no-contest plea to two counts of sexual imposition, two counts of pandering sexually-oriented matter involving a minor, and two counts of illegal use of a minor in nudity-oriented material or performance, on the basis that the execution of the warrant to search his cell phone was faulty. He is now serving his twelve-year prison sentence. His three pending motions stem from a recent trial court order in the Allen County Court of Common Pleas regarding the return of his cell phone, as discussed below.

**1. Supplemental Motion to Expand Record (Doc. No. 32)**

Martre seeks to expand the record to include a motion he filed in March 2021 in the Allen

1

County Common Pleas Court in which he asked the trial court to order "the return of property being held under a void search warrant," to wit: his cell phone and a memory card. Doc. No. 32, p. 3; Doc. No. 32-1, pp. 1, 4 (motion). On April 7, 2021, the trial court granted Martre's motion "to the extent that any items seized from defendant, that are being held by any law enforcement agency in Allen County, Ohio, that are not contraband or illegal for defendant to have, and that are not being held for evidence, shall be returned to the defendant." Doc. No. 32-2, p. 1.

Expansion of the record in habeas cases "is not mandatory… and is left to the discretion of the trial judge." *Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008) (quoting *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)).

Martre argues that the trial court's order is "an admission that the search warrant is void" and that "it also suppressed the alleged sole evidence in this case." Doc. No. 32, pp. 4, 6. The Court disagrees; the trial court's order directing the county to return Martre's property, if possible, did not serve as an admission that the search warrant in his underlying case was void or show that evidence was suppressed.

Martre also includes documents he received from the City of Toledo in the course of a recent civil lawsuit he filed against it. Doc. No. 32, pp. 5-6. Those documents are police reports from May 25, 2017, when the police were notified that Martre may have committed an offense (Doc. No. 32-4, Doc. No. 32-5), and an affidavit from an investigating officer dated November 27, 2017 (Doc. No. 32-6). None of those documents show what Martre says they show—that "the Toledo Police Department searched [his] cell phone and relayed their alleged findings to the Lima Police Department, twenty-four (24) hours before obtaining the search warrant." Doc. No. 32, p. 6. Rather, the police reports and affidavit show that an individual reporting a potential crime had described to the police what she had

seen on Martre's cell phone. Doc. No. 32-6, p.1, ¶3. Moreover, that information is duplicative, as it is already contained in the record filed by Respondent. See, *e.g.*, Doc. No. 8-1, pp. 279, 360-361.

Martre's motion to expand the record (Doc. No. 36) is DENIED.

## 2. Motion to Remand Back to State Court with Specific Instructions (Doc. No. 34)

Like his motion to expand, Martre's Motion to Remand back to State Court with Specific Instructions relies on the trial court's entry ordering the return of his property. Doc. No. 34. Martre submits that the trial court admitted that the warrant was void when it granted his request to have his cell phone and memory card returned to him. Doc. No. 34, p. 3. Therefore, he requests that the Court remand this case to state court and instruct the state court to vacate his no contest plea, vacate his conviction, vacate his sentence, and provide any other relief the Court deems just and proper. Doc. No. 34, pp. 3-4.

As explained above, the trial court's order did not serve as an admission that the search warrant was void or show that the state suppressed evidence. Indeed, as Martre observed in his motion for return of property, "[a] trial court has the authority to order the return of property which is no longer needed in a completed criminal case and which is not subject to forfeiture proceedings." Doc. No. 32-1, p. 2 (citing *State v. Housley*, 2018-Ohio-4140, ¶ 9, 2018 WL 4944187 (Oh. Ct. App. Oct. 12, 2018) (holding that the trial court had authority to order return of the defendant's safe "which was no longer needed in the completed criminal case and which was not the subject of the State's forfeiture application.")). Here, Martre's criminal case is complete and the trial court was authorized to order the return of his property within the parameters of its order. Martre's Motion to Remand to State Court (Doc. No. 34) is DENIED.

## 3. Motion for Bond (Doc. No. 37)

"In order to receive bail pending a decision on the merits, prisoners must be able to show not

only a substantial claim of law based on the facts surrounding the petition but also the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (cleaned up). "It will be the rare occasion when an inmate will be able to satisfy this standard." *Id.*; *Pouncy v. Palmer*, 993 F.3d 461, 463 (6th Cir. 2021).

In his Motion for Bond, Martre contends that the trial court found that the search warrant of his cell phone was void, and, in ordering return of his property, "eliminated any alleged evidence needed to support the charges and conviction against [him]." Doc. No. 37, pp. 3-4; Doc. No. 39. Respondent submits that the trial court's entry is not a decision "on the merits of anything regarding the conviction or sentence in the case." Doc. No. 38, p. 2. As discussed above, the trial court's April 2021 entry ordering return of Martre's property did not find that the search warrant was void and it had no legal effect upon his 2018 conviction. Martre has not shown a "substantial claim of law based on the facts surrounding the petition" and "the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." *Dotson*, 900 F.2d at 79. His Motion for Bond (Doc. No. 37) is DENIED.

.

IT IS SO ORDERED.

Date: September 24, 2021                *s/ Jonathan Greenberg*
                                                                                          Jonathan D. Greenberg
                                                                                          United States Magistrate Judge