IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MARTRE, | ) | CASE NO.  3:20-cv-416 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| WARDEN NEIL TURNER, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the

Petition of Derrick Martre ("Martre" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2254 (Doc. No. 1), the Answer/Return of Writ (Doc. No. 8) and Martre's Traverse (Doc. No.

12).  Martre is in the custody at the North Central Correctional Center pursuant to journal entry of

sentence in the case of *State v. Martre*, Allen County Court of Common Pleas Case No. CR 2017-0387.

For the following reasons, the undersigned recommends that the Petition be DISMISSED in part and

DENIED in part.

## I. Procedural Background

### A. Trial Court Proceedings

On December 14, 2017, an Allen County Grand Jury indicted Martre on two counts of gross

sexual imposition, RC 2907.05(A)(4) and 2907.05(C)(2) (counts 1 & 2), two counts of pandering

sexually-oriented matter involving a minor, RC 2907.322(A)(1) and 2907.322(C) (counts 3 & 5), and two

counts of illegal use of a minor in nudity-oriented material or performance, RC 2907.323(A)(1) (counts 4

& 6).  Doc. No. 8-1, pp. 8-10 (Ex. 1).  Martre, through counsel, pled not guilty.  Doc. No. 8-1, p. 10 (Ex.

2).

1

On May 14, 2018, pursuant to a plea agreement, Martre withdrew his plea of not guilty and pled no contest to all counts of the indictment.  Doc. No. 8-1, p. 13 (Ex. 3).

On July 3, 2018, prior to sentencing, Martre, through counsel, filed a motion to withdraw his plea, arguing that he entered his no contest plea without full knowledge of the state's evidence against him. Doc. No. 8-1, p. 16 (Ex. 4).  The trial court held a hearing on Martre's motion and overruled it on July 24, 2018.  Doc. No. 8-1, pp. 17-20, 804-840 (Exs. 5, 84).

On August 21, 2018, the trial court merged counts 3 and 4 and counts 5 and 6 and sentenced Martre to 24 months on count 1, 24 months on count 2, four years on count 4, and four years on count 6, to be run consecutive to each other, for a total of 12 years in prison.  Doc. No. 8-1, pp. 23, 25 (Ex. 6).

**B. Delayed Direct Appeal**

On November 13, 2018, Martre, *pro se*, filed a motion for leave to file a delayed direct appeal in the Ohio Court of Appeals, Third District.  Doc. No. 8-1, pp. 29-41 (Ex. 8).  On December 4, 2018, the Ohio Court of Appeals granted Martre's motion for delayed appeal.  Doc. No. 8-1, p. 59 (Ex. 10). Martre, through new counsel, filed a brief and raised the following assignments of error:

> 1. The trial court committed error in failing to allow the defendant to withdraw his no-contest plea prior to sentencing. This violates a fundamental right to trial pursuant to the Fourteenth Amendment of the United States Constitution and the Ohio Rules of Criminal Procedure.
>
> 2. The trial counsel for the defendant was ineffective and therefore violated the defendant's right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article One Section Ten of the Ohio Constitution.

Doc. No. 8-1, p. 64 (Ex. 11).

On May 28, 2019, the Ohio Court of Appeals affirmed the judgment of the trial court.  Doc. No. 8-1, pp. 131-152 (Ex. 13).  The court found that the trial court did not abuse its discretion in denying Martre's motion to withdraw his no-contest plea and that Martre did not receive ineffective assistance of counsel because he could not demonstrate that counsel's actions prejudiced him.  Doc. No. 8-1, pp. 136-

2

152.

On October 9, 2019, Martre, *pro se*, filed a motion for a delayed appeal and a notice of appeal in the Ohio Supreme Court. Doc. No. 8-1, pp. 199, 229 (Exs. 20, 21). On December 17, 2019, the Ohio Supreme Court denied Martre's motion for delayed appeal and dismissed the case. Doc. No. 8-1, p. 232 (Ex. 22).

## C. Application to Reopen Appeal pursuant to App. R. 26(B)

On August 1, 2019, Martre, *pro se*, filed an application to reopen appeal pursuant to App. 26(B). Doc. No. 8-1, p. 175 (Ex. 14). He argued that appellate counsel was ineffective because he failed to include a copy of the search warrant in the record for his delayed direct appeal. Doc. No. 8-1, p. 177. On August 28, 2019, the Ohio Court of Appeals denied his application, explaining that it had already decided the underlying issue asserted by Martre and that his application, in effect, was an untimely request for reconsideration. Doc. No. 8-1, pp. 182-183 (Ex. 16).

On October 9, 2019, Martre, *pro se*, appealed to the Ohio Supreme Court. Doc. No. 8-1, p. 184 (Ex. 17). In his memorandum in support of jurisdiction, he argued that counsel was deficient for failing to complete the record pursuant to Ohio App. R. 9(E). Doc. No. 8-1, p. 192 (Ex. 18). On December 31, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4). Doc. No. 8-1, p. 198 (Ex. 19).

## D. Petitions to Vacate or Set Aside Judgment

On January 11, 2019, Martre, *pro se*, filed a petition to vacate or set aside judgment of conviction or sentence in the trial court. Doc. No. 8-1, p. 233 (Ex. 23). He alleged that his due process rights were violated when the state withheld video evidence that was material to his guilt. Doc. No. 8-1, p. 234. On January 14, 2019, the trial court denied Martre's petition (Doc. No. 8-1, pp. 238-240, Ex. 24), and Martre did not appeal.

On February 22, 2019, Martre, *pro se*, filed a second petition to vacate or set aside judgment of conviction or sentence. Doc. No. 8-1, p. 241 (Ex. 25). He argued that the state withheld video evidence and the search warrant, and that the police downloaded material from his phone before the search warrant was obtained. Doc. No. 8-1, pp. 242-243. On March 6, 2019, the trial court denied Martre's petition. Doc. No. 8-1, p. 247-249 (Ex. 26).

On March 28, 2019, Martre, *pro se*, filed a notice of appeal. Doc. No. 8-1, p. 250 (Ex. 27). On June 19, 2019, the Ohio Court of Appeals dismissed his appeal for want of prosecution. Doc. No. 8-1, p. 255 (Ex. 28).

### E. Trial Court Motions

Martre, *pro se*, filed the following motions in the trial court: On March 18, 2019, a motion for summary judgment regarding a motion to subpoena search warrant Martre had filed, which the trial court denied on March 20, 2019. Doc. No. 8-1, pp. 259-260, 262-263 (Exs. 29, 30). On April 1, 2019, a motion for reconsideration and a motion for relief from judgment, which the trial court construed as a postconviction petition and denied on April 3, 2019. Doc. No. 8-1, pp. 264, 267, 288 (Exs. 31, 32, 33). And on April 15, 2019, a motion to amend the indictment, which the trial court denied on April 15, 2019. Doc. No. 8-1, p. 291, 305 (Exs. 34, 35).

On April 11, 2019, Martre, *pro se*, appealed the trial court's March 20, 2019 judgment entry, and on April 24, 2019, the Ohio Court of Appeals, *sua sponte*, dismissed his appeal for lack of jurisdiction because the March 20 entry was not a final appealable order. Doc. No. 8-1, pp. 306, 310 (Exs. 36, 37).

### F. Second Motion to Withdraw Plea

On May 1, 2019, Martre, *pro se*, filed a motion to withdraw his guilty plea. Doc. No. 8-1, p. 312 (Ex. 38). He alleged that his Fourth Amendment rights were violated during the trial court proceedings with respect to the dates on the search warrant and police reports. Doc. No. 8-1, pp. 313-314. He also

argued that the warrant was not executed within the appropriate time frame and that trial counsel was ineffective. Doc. No. 8-1, pp. 315-316. On May 20, 2019, the trial court issued an order stating that it lacked jurisdiction to decide Martre's motion to withdraw because two appeals were pending. Doc. No. 8-1, pp. 331-333 (Ex. 39).

On June 5, 2019, Martre, *pro se*, appealed to the Ohio Court of Appeals. Doc. No. 8-1, p. 334. (Ex. 40). On June 17, 2019, the court dismissed his appeal for lack of a final appealable order. Doc. No. 8-1, p. 339 (Ex. 41).

**G. Motion for Correction or Modification of the Record**

On June 13, 2019, Martre, *pro se*, filed a motion for correction or modification of the record under Appellate Rule 9(E) in the trial court. Doc. No. 8-1, p. 341 (Ex. 42). He attached copies of search warrants and other documents and requested that they be made part of the record. Doc. No. 8-1, pp. 341-364. On June 17, 2019, the trial court denied his motion, finding that Rule 9(E) was inapplicable because the search warrant had never been filed with the trial court in Martre's case and it had not been considered by the trial court in its decisions that Martre was appealing. Doc. No. 8-1, p. 367 (Ex. 43).

On August 9, 2019, Martre, *pro se*, filed a notice of appeal and motion for delayed appeal in the Ohio Court of Appeals. Doc. No. 8-1, pp. 368, 373 (Exs. 44, 45). On September 18, 2019, the court overruled his motion for delayed appeal because he had not demonstrated sufficient reason to justify a delayed appeal and the judgment of the trial court was not a final appealable order. Doc. No. 8-1, pp. 382-383 (Ex. 46).

**H. Third Motion to Withdraw Plea**

On July 2, 2019, Martre, *pro se*, filed a third motion to withdraw his plea. Doc. No. 8-1, p. 384 (Ex. 47). On July 3, 2019, the trial court overruled his motion because his claims were barred by the doctrine of *res judicata*; in the alternative, they lacked merit. Doc. No. 8-1, p. 457-461 (Ex. 48). The

court explained that Martre had still not established that the cell phone video would have been suppressed, so he could not establish that the actions of his trial counsel amounted to prejudice that undermined his decision to enter a plea of no contest. Doc. No. 8-1, p. 461.

On August 9, 2019, Martre, *pro se*, filed a notice of appeal and motion for delayed appeal in the Ohio Court of Appeals. Doc. No. 8-1, pp. 462, 470 (Exs. 49, 50). On September 18, 2019, the court overruled his motion because he had not demonstrated sufficient reason for his delay. Doc. No. 8-1, pp. 477, 478 (Ex. 51).

On October 15, 2019, Martre, *pro se*, appealed to the Ohio Supreme Court. Doc. No. 8-1, p. 479 (Ex. 52). In his memorandum in support of jurisdiction, he raised the following proposition of law: "Withdrawal of plea after sentence." Doc. No. 8-1, p. 487 (Ex. 53). On January 21, 2020, the Ohio Supreme Court declined to accept jurisdiction of his appeal pursuant to S.Ct. Prac.R. 7.08(B)(4). Doc. No. 8-1, p. 493 (Ex. 54).

### I. Motion to Introduce New Evidence

On September 16, 2019, Martre, *pro se*, filed a motion to introduce new evidence—police reports and copies of the search warrant. Doc. No. 8-1, pp. 494-497 (Ex. 55). On September 17, 2019, the trial court denied his motion because the attached items were not newly discovered and the issue was barred by the doctrine of *res judicata*. Doc. No. 8-1, pp. 529-530 (Ex. 56).

On October 11, 2019, Martre, *pro se*, appealed to the Ohio Court of Appeals, which dismissed his appeal on October 28 for lack of a final appealable order. Doc. No. 8-1, pp. 51, 536-537 (Exs. 57, 58).

### J. Motion for Void Judgment

On October 25, 2019, Martre, *pro se*, filed a motion to void judgment for lack of subject matter jurisdiction in the trial court based upon alleged defects in the complaint that had been filed in the municipal court at the beginning of his case. Doc. No. 8-1, pp. 538-539 (Ex. 59). On October 25, 2019,

the trial court denied his motion.  Doc. No. 8-1, p. 542 (Ex. 60).

**K. Petition to Vacate or Set Aside Judgment**

On November 18, 2019, Martre, *pro se*, filed a fourth petition to vacate or set aside judgment of conviction or sentence in the trial court, reiterating his Fourth Amendment claims and attaching copies of the search warrants and police reports.  Doc. No. 8-1, p. 544 (Ex. 61).  On December 2, 2019, the trial court denied his petition as untimely, improper, barred by the doctrine of *res judicata*, and without merit.  Doc. No. 8-1, pp. 582-587 (Ex. 62).

On December 23, 2019, Martre, *pro se*, appealed to the Ohio Court of Appeals.  Doc. No. 8-1, p. 538 (Ex. 63).  He raised the following assignments of error:

> 1. The trial court erred when it ruled the appellants post-conviction petition as untimely this violates a fundamental right to due process fifth and fourteenth amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution.
>
> 2. The trial court abused its discretion by overruling the appellants petition without holding an evidentiary hearing this violates a fundamental right to due process Fifth and Fourteenth Amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution.
>
> 3. The trial court abused its discretion when it did not find trial counsel ineffective this violated a fundamental right to due process Fifth and Fourteenth Amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution.
>
> 4. The trial court erred when it ruled the appellants plea of no-contest was knowingly, voluntarily, and intelligently made this violates the fundamental right to due process Fifth and Fourteenth Amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution.
>
> 5. The trial court erred when it ruled the states withholding of the search warrant did not result in prosecutorial misconduct this violated a fundamental right to due process Fifth and Fourteenth Amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution.
>
> 6. The trial court erred when it did not rule on the issue of police misconduct that was raised by the appellant in the post-conviction petition. This violates a fundamental right to due process Fifth and Fourteenth Amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution.
>
> 7. The trial court abused its discretion by using the doctrine of res-judicata to overrule the defendants [sic] petition this violates the fundamental right to due process Fifth and Fourteenth Amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution. [sic throughout]

Doc. No. 8-1, pp. 600-602 (Ex. 64).  The state responded and Martre filed a reply brief.  Doc. No. 8-1, pp. 657, 689 (Exs. 65, 66).  Martre requested leave to supplement his reply brief, which the court granted.  Doc. No. 8-1, pp. 693, 695 (Exs. 67, 68).  On May 4, 2020, the Ohio Court of Appeals affirmed the trial court's ruling that Martre's petition was barred by the doctrine of *res judicata*.  Doc. No. 8-1, pp. 696-697 (Ex. 69).

On May 21, 2020, Martre appealed to the Ohio Supreme Court; on August 4, 2020, the Ohio Supreme Court declined jurisdiction.  Doc. No. 8-1, pp. 698, 701 (Exs. 70, 71).[1]

On May 20, 2020, the Ohio Court of Appeals denied Martre's request for reconsideration of its judgment.  Doc. No. 8-1, p. 90 (Ex. 88).  On June 3, 2020, Martre appealed to the Ohio Supreme Court, which declined jurisdiction.  Doc. No. 8-1, pp. 910, 913 (Exs. 89, 90).[2]

**L. Second Motion for Void Judgment**

On November 28, 2019, Martre, *pro se*, filed another motion for void judgment for lack of subject matter jurisdiction.  Doc. No. 8-1, p. 720 (Ex. 72).  On December 9, 2019, the trial court denied his motion.  Doc. No. 8-1, pp. 724-725 (Ex. 73).  On December 20, 2019, Martre appealed, but the Ohio Court of Appeals dismissed his appeal for want of prosecution on March 4, 2020.  Doc. No. 8-1, pp. 726, 731 (Exs. 74, 75).

**M. Writ of Mandamus**

On December 16, 2019, Martre, *pro se*, filed a complaint for writ of mandamus in the Ohio Court of Appeals, challenging issues he had challenged before: the search warrant, expansion of the record, effective assistance of counsel, and his no contest plea.  Doc. No. 8-1, pp. 733-737 (Ex. 76).  On

---

[1] This determination is based on the Ohio Supreme Court's online docket, available at Supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2020/0644 (last visited 11/16/21).

[2] This determination is based on the Ohio Supreme Court's online docket, available at supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2020/0644 (last visited 11/16/21).

February 4, 2020, the court dismissed his complaint because a writ of mandamus is only available when there is no adequate remedy in the ordinary course of the law and Martre had an adequate remedy in the ordinary course of the law.  Doc. No. 8-1, pp. 653-654 (Ex. 79).

On February 11, 2020, Martre, *pro se*, appealed to the Ohio Supreme Court.  Doc. No. 8-1, p. 756 (Ex. 80).  In his brief in support, he raised the following proposition of law:

> The trial court erred by failing to construe the factual allegations set forth in relators complaint as true, and failed to draw all reasonable inferences in light most favorable to plaintiff thus abused its discretion granting respondents motion to dismiss. [sic throughout]

Doc. No. 8-1, p. 766 (Ex. 81).  On October 6, 2020, the Ohio Supreme Court affirmed the Ohio Court of Appeals' decision.[3]

## N. Federal Habeas Proceedings

On February 18, 2020, Martre, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to § 2254.  Doc. No. 1.  He raised the following grounds for relief:

> **GROUND ONE:** Search and Seizure. Fourth Amendment, U.S. Constitution; Section 14, Article I, Ohio Constitution.
>
> **Supporting Facts**: Attached within this petition as Exhibit "F" is a Certified Copy of the (Search Warrant) that was used in this case at hand. The warrant is fatally defective for the following reasons; (1), The warrant itself was issued on May 26th, 2017. "Notably" 24 hour's after the petitioner's cell phone was seized, searched and downloaded. (2), The verification form demonstrates the warrant was executed on May 31st, 2017, which is outside the 72 hour given command. (3), The warrant was executed after the issuing judge: Allen C. Mcconnell, accepted the service and return of the warrant on May 30, 2017. [sic throughout]
>
> Ground One has been raised in the Motion to Withdraw Plea filed, 07-02-19. Said Motion has been appealed to the Supreme Court of Ohio where jurisdiction was denied. See, Exhibit "G".
>
> **GROUND TWO:** Police Misconduct. Fifth and Fourteenth Amendments, U.S. Constitution; Section 16, Article I, Ohio Constitution.
>
> **Supporting Facts**: Attached within this petition as Exhibit "D" is the (Supplemental Crime Report) that was forwarded to Allen County, and used to initiate this case at hand. The report was written by Toledo Detective Eugene N. Kutz II Badge #1910. The report contains

---

[3] This determination is based on the Ohio Supreme Court's online docket, available at Supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2020/0225 (last visited 11/16/21)

9

deliberate material false statement "Specifically" that a warrant had been obtained on May 25, 2017, before seizing, searching, and downloading data from the petitioner's cell phone. As demonstrated in Ground One, the warrant was issued on May 26th, 2017 "Notably" 24 hours after the fact. Attached within this petition as Exhibit "E" is the (Allen County Judgment Entry) said document makes clear the false statement was used to overrule the petitioner's initial motion to withdraw plea, and allow the illegally obtained cell phone data as part of the record. [sic throughout]

Ground Two; has been raised in the motion to withdraw plea filed, 07-02-19. Said motion has been appealed to the Supreme Court of Ohio where jurisdiction was denied. See Exhibit "G".

**GROUND THREE:** Ineffective Assistance of Counsel. Sixth Amendment, U.S. Constitution, Section 10, Article I, Ohio Constitution.

**Supporting Facts**: During the Motion to Withdraw Plea Hearing held, July 18, 2018, Trial Counsel admits on the record to misinforming the Petitioner into entering the No-Contest Plea. See, TR-P.23 Line:1-5: Counsel states; "He was misinformed by me about the information taken from his cell phone. At the time of the plea I didn't fully understand what had occurred." See Also, TR-P.32 Line:7-17; Counsel States; "One of the basis of wanting to withdraw the plea is Mr. Martre has indicated that he was misinformed by his trial counsel, that would be me I did not fully comprehend or understand what had occurred. [sic throughout]

Attached within this petition as Exhibit "I" is a certified copy of the (transcript) from the motion to withdraw plea hearing. Ground Three; has been raised in the direct appeal and motion to withdraw plea, filed 07-02-19. Both said motions has been appealed to the Supreme Court of Ohio where jurisdiction was denied. See, Exhibit "G". [sic throughout]

**GROUND FOUR:** Right to Jury Trial. Sixth Amendment, U.S. Constitution, Section 5, Article I, Ohio Constitution.

**Supporting Facts**: The Petitioner should have been permitted to withdraw his plea of No-Contest the request was made before sentencing was imposed and the Petitioner offered up reasons that were verified by trial counsel, such as being misinformed of the facts and evidence as argued and demonstrated in Ground Three. The Petitioner also made the Court aware during the motion to withdraw plea hearing that the Search Warrant was absent from the discovery. See, TR-P.5 Line:5-9; "Notably" The prosecution's case rest solely on the defective search warrant. During the hearing trial counsel not only admits to also not viewing said warrant but failing to file a Motion to suppress. See, TR.P.25 Line:13-4. The trial court overruled the motion finding the petitioner's request nothing more than a mere change of heart. [sic throughout]

Attached within this petition as Exhibit "I" is a certified copy of the (Transcripts) from said hearing. Ground Four; has been raised in the direct appeal, said motion has been appealed to the Supreme Court of Ohio where jurisdiction was denied. [sic throughout]

**GROUND FIVE:** Ineffective Assistance of Counsel. Sixth Amendment, U.S. Constitution; Section 10, Article I, Ohio Constitution.

**Supporting Facts**: May 28th, 2019, The Court of Appeals affirmed the trial court's judgment stating that since the Search Warrant was not apart of the record it could not rule on the legality of the warrant or find the trial counsel ineffective for failing to file a Motion to suppress. Therefore Appellant counsel was ineffective in that he (1), Failed to make the Search Warrant apart of the record (2), Investigate the existence of probable cause to support it (3), Provide the Appellate Court with an opportunity to review the merits of the Petitioner's claim of Ineffective Assistance of Trial Counsel. [sic throughout]

Ground Five; Has been raised in the Application to Reopen Direct Appeal pursuant to App.R.26(B), Said motion has been appealed to the Supreme Court of Ohio where jurisdiction was denied. See, Exhibit "J". [sic throughout]

Doc. No. 1, pp. 5-12.  Respondent filed an Answer (Doc. No. 8), Martre filed a Traverse (Doc. No. 12), and Respondent filed a Reply (Doc. No. 18).

## II. Legal Standard

### A. Exhaustion and Procedural Default

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id.*

**Exhaustion**.  A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a

federal habeas corpus action.  28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g., Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural default**.  Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court."  *Id*.  *In Maupin v. Smith*, the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error.  785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the

12

merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

**B. Merits Review**

In order to obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).

13

Under the "unreasonable application" clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principles and standards flowing from Supreme Court precedent. *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.") (emphasis in original).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

14

## III. Analysis

### A. Ground 1 is not cognizable

In Ground 1, Martre alleges a violation of the Fourth Amendment, arguing that the warrant used to seize and search his phone was defective.  Doc. No. 1, p. 5.  Respondent argues that Ground 1 is not cognizable, procedurally defaulted, and that Martre waived habeas review of this issue when he pled no contest.  Doc. No. 8, pp. 15-23.

In *Stone v. Powell*, the United States Supreme Court held, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  428 U.S. 465, 494 (1976).  In order for the rule of *Powell* to apply, the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim and the presentation of that claim must not have been frustrated by failure of that mechanism.  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).  "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim."  *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).

Ohio has a mechanism in place for resolving Fourth Amendment claims; it provides a defendant the opportunity to file a pretrial motion to suppress and the opportunity to take a direct appeal from the denial of the motion to suppress.  *See Riley*, 674 F.2d at 526 (finding that Ohio criminal and appellate rules provide adequate procedural mechanisms for litigation of Fourth Amendment claims).  Martre had the opportunity to file a motion to suppress.  Indeed, the record shows that he did file a motion to suppress, but then he voluntarily withdrew it.  Doc. No. 8-1, pp. 854-855.  Martre argues that his motion to suppress was meritless because he filed it too late (after he had changed his plea to no contest) and

frivolous because the state had not made the "cell phone data" a part of the record until he withdrew his motion to suppress at the sentencing hearing.  Doc. No. 12, pp. 2-3.  The fact that Martre filed his suppression motion (and withdrew it) after he had entered his no contest plea does not change the fact that Martre had an opportunity to file a pre-trial motion to suppress the videos found on his cell phone that served as the bases of the charges he faced: gross sexual imposition, pandering sexually-oriented matter involving a minor, and illegal use of a minor in nudity-oriented material or performance.  *See Good*, 729 F.3d at 639 ("the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.").

Respondent argues that Martre also litigated the suppression issue on direct appeal when he raised his ineffective assistance of counsel claim and when he moved to withdraw his plea.  Doc. No. 8, p. 16.  Martre disagrees; he argues that his ability to litigate his claim in that respect was frustrated because the warrant was not a part of the record and, therefore, neither the trial court nor the court of appeals ever considered the validity of the warrant.  Doc. No. 12, p. 3.

Ineffective assistance of counsel claims and challenges to a plea are not Fourth Amendment claims.  *See, e.g.*, *Kimmelman v. Morrison*, 477 U.S. 365, 374-375 (1986) (an ineffective assistance of counsel claim for failing to litigate a Fourth Amendment claim is not a Fourth Amendment claim, but a Sixth Amendment claim).  Thus, the rule in *Stone v. Powell* does not apply to bar those claims.  Martre raised ineffective assistance of counsel claims in Grounds 3 and 5 of his Petition, which the undersigned discusses, *infra*.  Martre did not raise a claim in his Petition that his guilty plea was not knowing, intelligent or voluntary; he sought to amend his petition to add such a claim but the Court denied his request because any such claim was procedurally defaulted.  See Doc. No. 26, pp. 17-19.

In sum, because Martre had the opportunity to pursue Ohio's mechanism for resolving Fourth

16

Amendment claims, Ground 1 is not cognizable.  *Powell*, 428 U.S. at 494.

**B. Ground 2 is not cognizable and/or procedurally defaulted**

In Ground 2, entitled "Police Misconduct," Martre argues that the police report drafted by Toledo Detective Kutz contains a "material false statement," to wit: that the warrant used to seize and search Martre's cell phone was obtained on May 25, 2017.  Martre alleges that the warrant was obtained on May 26, after his phone was searched.  Doc. No. 1, p. 7.  He argues that the false statement was the trial court's basis for overruling his initial motion to withdraw his plea and allow the "illegally obtained cell phone data" into the record.  Doc. No. 1, p. 7.

To the extent Ground 2 can be construed as a challenge to the warrant pursuant to the Fourth Amendment, such a claim is not cognizable for the reason explained in Ground 1.

To the extent Ground 2 can be construed as a challenge to the trial court denying his motion to withdraw his plea, Martre procedurally such a claim for a number of reasons.  First, he raised the issue of a defective warrant when he challenged his plea on direct appeal (Doc. No. 8-1, pp. 72-74), but that claim is procedurally defaulted, as Martre concedes in his Traverse.  Doc. No. 12, p. 4 (Martre agreeing that the claims he raised on direct appeal are procedurally defaulted because he did not timely appeal to the Ohio Supreme Court); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (the Ohio Supreme Court's denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits, and constitutes procedural default).

Martre argues that he raised the issue in Ground 2 in his third motion to withdraw his plea on July 2, 2019.  Doc. No. 1, p. 7.  Even so, he procedurally defaulted in that respect, too.  The trial court denied his motion and Martre's appeal to the Ohio Court of Appeals was too late.  The Ohio Court of Appeals rejected his motion for a delayed appeal pursuant to App. Rule 5(A), thereby applying a procedural bar. Doc. No. 8-1, pp. 477-478; *Bonilla*, 370 F.3d at 497; *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011)

17

(Ohio Court of Appeals' denial of a delayed appeal pursuant to App. Rule 5(A) constitutes procedural default). Martre appealed to the Ohio Supreme Court but it declined to accept jurisdiction without comment, thereby enforcing the procedural bar. *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) ("Because the Ohio Supreme Court summarily dismissed Rust's appeal without comment, we must presume that the Ohio Supreme Court relied on the procedural default expressly relied upon by the Ohio Court of Appeals." citing *Ylst v. Nunnemaker*, 501 U.S. 797 (1991)).

Martre does not demonstrate cause to excuse his procedural defaults. He concedes that, with respect to his procedural default on direct appeal, he "can make no showing of cause or prejudice to excuse the default." Doc. No. 12, p. 4. Nowhere does he allege cause to excuse the procedural default of his third motion to withdraw guilty plea or any other procedurally defaulted filing.

Finally, Martre does not show, or even allege, actual innocence to overcome the procedural default. His argument that the warrant is defective is a claim of legal insufficiency, not actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (Actual innocence means "factual innocence, not mere legal insufficiency.").

Ground 2 is not cognizable and/or procedurally defaulted.

**C. Ground 3 is procedurally defaulted and/or fails on the merits**

In Ground 3, Martre argues that trial counsel was ineffective as evidenced by counsel's statements at the motion to withdraw plea hearing held on July 18, 2018. Doc. No. 1, pp. 8-9 (citing the transcript of the hearing).

*Direct appeal*: This claim is procedurally defaulted because Martre raised it on direct appeal (Doc. No. 8-1, pp. 75-76) but failed to timely appeal the Ohio Court of Appeals' decision to the Ohio Supreme Court. *Bonilla v. Hurley*, 370 F.3d at 497. As above, Martre does not allege cause or actual innocence to excuse the procedural default.

18

*Postconviction petition*: Martre alleges that he also raised an ineffective assistance of counsel claim in his fourth postconviction petition, relying on evidence outside the record.  Doc. No. 12, p. 4.  To the extent the Court construes Ground 3 liberally to allege an ineffective assistance of counsel claim based on matters outside the record, rather than the hearing transcript within the trial court record, his claim fails on the merits.

In his fourth postconviction petition filed on November 18, 2019, Martre raised an ineffective assistance of trial counsel claim.  He alleged that counsel failed to understand his case, failed to view the search warrant, failed to suppress evidence, and, despite those failings, counseled Martre to enter a no contest plea.  Doc. No. 8-1, p. 544.  Those were the same arguments Martre raised on direct appeal.  Doc. No. 8-1, pp. 75-76.  In support of his postconviction petition, Martre attached a copy of the search warrant and police reports.  Doc. No. 8-1, pp. 546-581.  The trial court denied Martre's petition in part because it was barred by the doctrine of res judicata.  Doc. No. 8-1, p. 585.  The court explained that, in Ohio, res judicata bars claims in a postconviction petition that were raised or could have been raised on direct appeal unless the claim alleges ineffective assistance of counsel based on evidence outside the record.  Doc. No. 8-1, p. 585 (citing *State v. Perry*, 10 Ohio St.2d 175 (1967), *State v. Cole*, 2 Ohio St.3d 112 (1982)).  The court wrote, "Defendant's claim does not fit the exception.  Everything defendant now raises was contained on the trial court record."  Doc. No. 8-1, p. 585.

Martre appealed, arguing that the trial court erred when it applied the res judicata bar because he had attached evidence outside the record—the search warrant.  Doc. No. 8-1, p. 610.  The Ohio Court of Appeals affirmed, finding that Martre's petition was barred by the doctrine of res judicata, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).  Doc. No. 8-1, p. 696.  Martre appealed to the Ohio Supreme Court but it declined to accept jurisdiction, thereby enforcing the Ohio Court of Appeals' application of the procedural bar.  *Rust*, 17 F.3d at 161.

19

Respondent argues that Martre's claim is procedurally defaulted because the Ohio Court of Appeals applied a procedural bar (res judicata) when it denied his postconviction petition. Doc. No. 8, p. 23 (citing *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007) and *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001)). But in *Durr*, the Sixth Circuit explained:

> There are two variants of res judicata under Ohio law for collateral attacks on convictions. *Lundgren v. Mitchell*, 440 F.3d 754, 765 n. 2 (6th Cir.2006). The first variant is when a petitioner could have, but failed, to bring a claim on direct review. *Id*. The second variant occurs in state court when a claim was *actually brought and litigated* on direct appeal. *Id*. This second variant of res judicata cannot form the basis of federal procedural default, however, because the petitioner did not *fail* to comply with a state procedural rule-namely that claims must be raised on direct appeal if possible. *See id*.
>
> *       *       *
>
> The Ohio state courts correctly held on collateral review that claims: 3(a)-(c), (i), and 4(b)(d) were barred by res judicata because they were raised and decided on the merits on direct appeal. The error arose in the district court, which incorrectly held that these claims were procedurally defaulted because the Ohio state court held they were barred by res judicata. However, because the state court relied on the second type of res judicata, the district court erred because this type of res judicata is not available as a basis for procedural default in federal court. *See Lundgren*, 440 F.3d at 765 n. 2. We also review these sub-claims on the merits.

487 F.3d at 434-435. Thus, although the Ohio Court of Appeals' finding that Martre's claim was barred by res judicata may have been proper under Ohio law, that procedural ruling does not bar this Court from reaching the merits of the claim. *Id*.[4]

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel in the context of guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (6th Cir. 1985). Martre must show that counsel's representation fell below an objective standard of

---

[4] When the trial court found that Martre's claim did not contain evidence outside record, it stated, "Everything defendant now raises was contained on the trial court record." Doc. No. 8-1, p. 585. That statement is accurate; even though the search warrant was not *in* the record, it was *on* the record because Martre talked about what he believed the search warrant had indicated at the hearing to withdraw his plea. Doc. No. 8-1, pp. 812-816 (Martre testifying that he had seen the search warrant and that it showed that his phone was searched on May 25, prior to the police obtaining a search warrant days later). If the trial court's ruling applying res judicata had been in error, this Court would review Martre's claim *de novo. See White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005) (ineffective assistance claims are not barred by res judicata in Ohio when they rely in evidence outside the trial record and are reviewed *de novo*, citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir.2003)). Even assuming, *arguendo*, that the trial court's ruling was in error and the Court reviews the merits of this claim *de novo*, the claim still fails on the merits.

reasonableness and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59.  Upon federal habeas review, there is a double layer of deference applied: to counsel, under *Strickland*, and to the state court of appeal's decision on the merits of that claim, under AEDPA.  *Kelly v. Lazaroff*, 846 F.3d 819, 832 (6th Cir. 2017) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

Martre's claim fails on the merits because he cannot show a reasonable probability that, but for counsel's error, he would have not entered a no contest plea and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59.  First, the record shows that he knew about the warrant and any alleged deficiency a year before he pled no contest, as the Ohio Court of Appeals found when it considered his ineffective assistance of counsel claim on direct appeal.  Doc. No. 8-1, pp. 812-818; *State v. Martre*, 2019-Ohio-2072, ¶ 33 (Ohio May 28, 2019).  That finding was not unreasonable.  Next, the search warrant he attached to his postconviction petition does not support his argument.  The search warrant (Doc. No. 8-1, p. 575) indicates that the warrant was executed on May 30, 2017.  Although Martre insisted that his cell phone was searched by the police before the search warrant issued (Doc. No. 8-1, p. 548), the documents he submitted with his postconviction petition do not show that the police searched his cell phone on May 25, 2017 or prior to obtaining a warrant.  Doc. No. 8-1, pp. 559-581.

In his Traverse, Martre argues that Officer Caldwell's police report included a summary of the videos found on his cell phone "hours after" he was arrested on May 25, 2017.  Doc. No. 12, p. 6.  But that document was drafted by Caldwell on November 27, 2017, six months after he was arrested and his cell phone searched in May 2017.  Doc. No. 13-3, Doc. No. 15, pp. 6-7.[5]  And his argument that the warrant was executed 24 hours after the issuing judge accepted service and return of the warrant (Doc. No. 12, p. 9) is not supported by the record.  As Martre concedes, the police officer did not execute the

---

[5]  Moreover, Martre's motion to expand the record to include the document drafted by Caldwell was denied by this Court.  Doc. No. 26, p. 27.

warrant on May 31, 2017; the officer wrote his report on May 31, 2017.  Doc. No. 12, p. 8; Doc. No. 8-1, pp. 567, 579.

In sum, Martre does not show that the Ohio Court of Appeals' finding that, pursuant to *Hill v. Lockhart*, he did not show a reasonable probability that, but for counsel's error, he would have not entered a plea of no contest and would have insisted on going to trial, was unreasonable.  *State v. Martre*, 2019-Ohio-2072, ¶¶31-34; *Kelly*, 846 F.3d at 832.  Ground 3 is procedurally defaulted and/or fails on the merits.

**D. Ground 4 has been withdrawn**

Martre has withdrawn Ground 4.  Doc. No. 12, p. 3; Doc. No. 26, pp. 16-17.

**E. A portion of Ground 5 is procedurally defaulted and the remainder fails on the merits**

In Ground 5, Martre argues that appellate counsel was ineffective for failing to make the search warrant a part of the record and to investigate the existence or absence of probable cause to support the search warrant in order to provide the Ohio Court of Appeals an opportunity to review the merits of his ineffective assistance of trial counsel claim.  Doc. No. 1, p. 12.

*Procedural default*: Martre's assertion that appellate counsel was ineffective for failing to investigate the existence or absence of probable cause to support the search warrant is procedurally defaulted because Martre did not raise this issue as a reason appellate counsel was ineffective to the state courts.  In his Rule 26(B) Application to Reopen, Martre only argued that appellate counsel was ineffective for failing to complete the record, pursuant to Ohio App. R. 9(E), because counsel had not included the search warrant on appeal.  Doc. No. 8-1, pp. 177-180, 192-193.  Thus, he did not fairly present a claim that appellate counsel was ineffective for failing to investigate the search warrant.  *See Williams*, 460 F.3d at 806 (a petitioner's failure to present claims to the state courts constitutes a procedural default of those claims and bars federal court review); *McMeans*, 228 F.3d at 681 (in order to

satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002) (a habeas claim that rests on theories which are separate and distinct from those raised in state court is procedurally defaulted).  Martre does not allege cause or actual innocence to excuse the procedural default.

*Merits*: The *Strickland* standard regarding ineffective assistance of counsel also applies to ineffective assistance of appellate counsel claims.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000). "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."  *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

Here, it cannot be said that the inclusion of the search warrant would have changed the result on appeal.  The Ohio Court of Appeals, considering Martre's ineffective assistance of appellate counsel claim, wrote that it had already decided, on direct appeal, that Martre could not show prejudice for trial counsel's failure to investigate the search warrant.  Doc. No. 8-1, pp. 182-183.  Thus, appellate counsel was not ineffective for failing to include the search warrant because it would not have changed the result of Martre's appeal.  *See McFarland*, 356 F.3d at 699 (appellate counsel can only be ineffective if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal).  As the Ohio Court of Appeals had found on direct appeal, Martre was not prejudiced by trial counsel's failure to obtain the search warrant because "Martre has still made no showing that the motion to suppress would have had a *great likelihood of success resulting in suppression of the cell phone video* at issue.  We are offered only conjecture and presupposition without a factual basis."  *Martre*, 2019-Ohio-2072, ¶ 32 (emphasis in original).

In his Traverse, Martre maintains that his cell phone was searched before the warrant was

23

obtained and that the warrant had been executed 24 hours after the issuing judge had accepted service and return of the warrant.  Doc. No. 12, p. 13.  For the reasons explained in Ground 3, *supra*, the documents Martre relies upon, including the search warrant, do not show that the warrant was obtained after his cell phone had been search or executed after the issuing judge accepted service and return of the warrant.  Thus, Martre has not shown that the result of his direct appeal would have been different had appellate counsel made the search warrant a part of the record; he has not shown that appellate counsel was ineffective or that he was prejudiced by any alleged ineffectiveness.  It cannot be said that the Ohio Court of Appeals' finding is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington*, 562 U.S. at 103.

A portion of Ground 5 is procedurally defaulted and the remainder fails on the merits.

### IV. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED in part and DENIED in part.

Date:  November 17, 2021

> *s/ Jonathan Greenberg*
> Jonathan D. Greenberg
> United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**