**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK MARTRE, | ) | CASE NO. 3:20-cv-416 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| WARDEN NEIL TURNER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the emergency motion of petitioner Derrick Martre ("Martre") for bond pending this Court's resolution of his habeas petition. (Doc. No. 45 (Motion).) Respondent Warden Neil Turner opposes Martre's emergency motion for bond. (Doc. No. 46 (Opposition).) This is Martre's second motion for bond pending the resolution of his habeas petition. His first motion for bond (Doc. No. 37)—premised on the exact same basis as his instant motion—was denied by the magistrate judge. (Doc. No. 40.) Martre filed objections to the magistrate judge's order denying his bond. (Doc. Nos. 41, 42.)

**I.  BACKGROUND**

Martre is currently serving a twelve-year sentence in state custody for his conviction for gross sexual imposition in violations of Ohio Rev. Code § 2907.05(A)(4) and 2907.05(C)(2) (Counts 1 & 2), pandering sexually-oriented matter involving a minor in violation of Ohio Rev. Code § 2907.322(A)(1) and 2907.322(C) (Counts 3 & 5), and illegal use of a minor in nudity-oriented material or performance in violation of Ohio Rev. Code § 2907.323(A)(1) (Counts 4 & 6). (Doc. No. 8-1, Ex. 1, Ex. 6.)

Relevant here, on March 24, 2021, Martre filed a post-conviction "motion for return of

property" in state court. (Doc. No. 37-2.) The state court granted Martre's motion "to the extent that any items seized from defendant, that are being held by any law enforcement agency in Allen County, Ohio, that are not contraband or illegal for defendant to have, and are not being held for evidence, shall be returned to the defendant." (Doc. No. 37-1, at 1.) The crux of Martre's habeas petition and the several motions he's filed in this Court, including the instant emergency motion for bond, is that the search warrant underlying his state criminal conviction was defective and, therefore, all the evidence seized because of the search warrant is void. Martre contends that his motion for the return of property was filed pursuant to Ohio Rev. Code § 2981.03(A)(4) (a vehicle for the return of property unlawfully seized), and thus, by granting his motion, the state court has admitted that the underlying warrant was unlawful.

## II. RELEVANT LAW

This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review, *Nash v. Eberlin*, 437 F.3d 519, 526, n.10 (6th Cir. 2006), but "[t]here will be very few occasions where a [petitioner] will meet [the] standard" the petitioner is required to show to be granted bond. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Dotson*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5, 13, 13 L. Ed. 2d 6 (1964)). Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), *superseded by statute on other grounds as recognized in Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021).

### III. DISCUSSION

Martre has failed to show a substantial claim of law based on the facts surrounding the petition. This Court has reviewed both Martre's motion for a return of property and the state court's order and finds that there is nothing in the state court's order to suggest that the state court understood Martre's motion to be a motion under Ohio Rev. Code § 2981.03(A)(4). Martre's own motion cites case law related to the doctrine of replevin and post-conviction motions for return of property—not case law related to Section 2981.03(A)(4). (Doc. No. 37-2, at 2–3.) And while Martre does go on to argue in his motion that his property should be returned because the underlying warrant that led to its seizure was void, the state court did not make that finding in its order. Rather, the state court described Martre's motion as a "motion for an order of return of property." (Doc. No. 37-1, at 1.) The state court then summarized Martre's motion as "want[ing] his personal property that was apparently seized from him in Toledo, Ohio, returned to him." (*Id.*) The state court then found Martre's motion for an order of return of property "well taken" and granted the motion but only "to the extent that any items seized from defendant, that are being held by any law enforcement agency in Allen County, Ohio, that are not contraband or illegal for defendant to have, and are not being held for evidence, shall be returned to the defendant." (*Id.*)

Martre's interpretation of the state court's order is without merit. The state court's order makes clear that it understood his motion to be for the return of his property post-conviction, just like the case law Martre cited in his motion. (Doc. No. 37-2, at 2 (citing among authority *State v. Housley*, No. 2018-CA-4, 2018 WL 4944187, at *3 (Ohio Ct. App. Oct. 12, 2018) (finding that trial courts have authority to order return of property, which is no longer needed in a completed criminal case and which was not the subject of any forfeiture application); and *State v. White*, 115 N.E.3d 878, 884 (Ohio Ct. App. 2018) (finding replevin is not the exclusive method for seeking the return of seized property and courts routinely address post-conviction motions for the return of

3

property previously seized)().) Thus, Martre has failed to show a substantial claim of warranting his release on bond during the pendency of his habeas petition.

Further, even if Martre had shown a substantial claim of law based on the facts surrounding his habeas petition, he has failed to put forth any exceptional circumstances deserving of special treatment in the interests of justice. All Martre offers as an "exceptional circumstance" is his belief that the warrant is void based on the state court's order. For the reasons discussed above, Martre's interpretation of the state court's order is without merit and does not serve as an exceptional circumstance warranting his release on bond.

## IV. CONCLUSION

Accordingly, Martre's emergency motion for bond is DENIED. (Doc. No. 45.) Further, because this Court has now conducted its own review and finds that the state court's order on his return of property was not an admission that the underlying search warrant was void, Martre's objections to the magistrate judge's decisions denying Martre's motion for bond, denying Martre's motion to expand the record with the order, and denying Martre's motion to remand to state court to vacate his conviction based on the state court's order are OVERRULED. (Docs. No. 41, 42.)

**IT IS SO ORDERED**.

Dated: December 13, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**