**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK MARTRE, | ) | CASE NO. 3:20-cv-416 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| WARDEN NEIL TURNER, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation (Doc. No. 43 ("R&R")) of Magistrate Judge Jonathan D. Greenberg, recommending that this Court dismiss in part, and deny in part petitioner Derrick Martre's ("Martre") writ of habeas corpus petition under 28 U.S.C. § 2254. (Doc No. 1 (Petition).) Martre filed a timely objection to the R&R. (Doc. No. 44 (Objection).) Respondent filed neither a response to Martre's objection, nor his own objections. For the reasons discussed herein, Martre's objection to the R&R is OVERRULED and the R&R is ACCEPTED.

Also before the Court are objections Martre filed to two non-dispositive orders that the magistrate judge issued during the adjudication of Martre's habeas corpus petition. (Doc. No. 28 (Objecting to Doc. No. 26); Doc. No. 35 (Objecting to Doc. No. 33).) For the reasons discussed herein, all Martre's objections to these non-dispositive orders are OVERRULED.

**I.    BACKGROUND[1]**

Martre is currently serving a twelve-year sentence in state custody for his conviction for gross sexual imposition in violations of Ohio Rev. Code § 2907.05(A)(4) and 2907.05(C)(2)

---
[1] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background pertinent to Martre's objection to the R&R.

(Counts 1 & 2), pandering sexually-oriented matter involving a minor in violation of Ohio Rev. Code § 2907.322(A)(1) and 2907.322(C) (Counts 3 & 5), and illegal use of a minor in nudity-oriented material or performance in violation of Ohio Rev. Code § 2907.323(A)(1) (Counts 4 & 6). (Doc. No. 8-1, at 8[2] (Ex. 1), at 21–27 (Ex. 6).)

Martre's conviction followed his plea of no contest to all counts in the indictment.[3] (Doc. No. 8-1, at 12–14 (Ex. 3).) On July 3, 2018, prior to sentencing, Martre, through counsel, filed a motion to withdraw his plea, arguing that he entered his no contest plea without full knowledge of the state's evidence against him. (Doc. No. 8-1, at 15 (Ex. 4).) The trial court held a hearing on Martre's motion and overruled it on July 24, 2018. (Doc. No. 8-1, at 17–20 (Ex. 5), 804 (Ex. 84).)

Since Martre's conviction, he has filed several motions and petitions in state court, attempting, unsuccessfully, to have his conviction overturned. Most of the post-conviction issues Martre has raised with the state court concern the search warrant that led to the discovery of an incriminating video on his cell phone. In essence, Martre contends that the police did not procure the search warrant until after they searched his cell phone, and, thus, the underlying search was unlawful.[4] (*See, e.g.*, Doc. No. 8-1, at 67–68 (Ex. 11); *see also* Doc No. 11, at 12–13 (Traverse).)

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

[3] Martre's no contest plea was the result of a plea agreement between Martre and the government, under which Martre agreed to change his plea from not guilty to no contest and the government agreed to dismiss the indictment for aggravated burglary (a first-degree felony) in a different criminal case against Martre. (Doc. No. 8, at 2.)

[4] Martre also argued before the trial court that the search warrant was not included in his discovery from the state, but Martre abandoned that argument after the trial court found that Martre acknowledged knowing about the search warrant for almost one full year. (Doc. No. 8-1, at 18 (Ex. 5); 812–18 (Ex. 84).)

Relevant to this Court's review of Martre's objection to the R&R, on November 13, 2018, Martre, *pro se*, filed a motion for leave to file a delayed direct appeal in the Ohio Court of Appeals, Third District. (Doc. No. 8-1, at 29 (Ex. 8).) On December 4, 2018, the Ohio Court of Appeals granted Martre's motion for delayed appeal. (Doc. No. 8-1, at 59 (Ex. 10.)) Martre, through new counsel, filed a brief and raised the following assignments of error:

> 1. The trial court committed error in failing to allow the defendant to withdraw his no-contest plea prior to sentencing. This violates a fundamental right to trial pursuant to the Fourteenth Amendment of the United States Constitution and the Ohio Rules of Criminal Procedure.
>
> 2. The trial counsel for the defendant was ineffective and therefore violated the defendant's right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article One Section Ten of the Ohio Constitution.

(Doc. No. 8-1, at 64 (Ex. 11).)

On May 28, 2019, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. No. 8-1, Ex. 13.) The Ohio Court of Appeals found that the trial court did not abuse its discretion in denying Martre's motion to withdraw his no contest plea and that Martre did not receive ineffective assistance of counsel because he could not demonstrate that counsel's failure to file a motion to suppress the search warrant based on allegedly faulty dates would have impacted Martre's decision to enter a no-contest plea when Martre admitted that he knew about the search warrant for almost one year. (Doc. No. 8-1, at 131, 143–44 (Ex. 13).) On October 9, 2019, Martre, *pro se*, filed a motion for a delayed appeal and a notice of appeal in the Ohio Supreme Court. Doc. (No. 8-1, at 199 (Ex. 20), 229 (Ex. 21).) On December 17, 2019, the Ohio Supreme Court denied Martre's motion for delayed appeal and dismissed the case. (Doc. No. 8-1, at 232 (Ex. 22).)

On August 1, 2019, Martre, *pro se*, filed an application to reopen his appeal pursuant to App. 26(B). (Doc. No. 8-1, at 175 (Ex. 14).) He argued that appellate counsel was ineffective because he failed to include a copy of the search warrant in the record on appeal and as a result, the Ohio Court of Appeals "affirmed the judgment [of the trial court] stating that since the warrant was not on the record that court could not rule on the legality of the warrant." (*Id.* at 176.) On August 28, 2019, the Ohio Court of Appeals denied his application, explaining that it had already decided the underlying issue asserted by Martre and that his application, in effect, was an untimely request for reconsideration. (Doc. No. 8-1, at 182–83 (Ex. 16).)

On October 9, 2019, Martre, *pro se*, appealed to the Ohio Supreme Court. (Doc. No. 8-1, at 184 (Ex. 17).) In his memorandum in support of jurisdiction, he argued that counsel was deficient for failing to complete the record pursuant to Ohio App. R. 9(E). (Doc. No. 8-1, at 192 (Ex. 18).) On December 31, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. No. 8-1, at 198 (Ex. 19).)

On February 18, 2020, Martre, *pro se*, filed the instant petition for writ of habeas corpus pursuant to § 2254. (Doc. No. 1.) He raised five grounds for relief. On November 17, 2021, the magistrate judge issued an R&R recommending that this Court deny in part, and dismiss in part Martre's petition. (Doc. No. 43.) Martre filed one objection to the magistrate judge's recommendation as to Martre's fifth ground for relief.[5] (Doc. No. 44.)

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a

---

[5] In his objection to the R&R, Martre also reiterated his objections to the magistrate judge's September 24, 2021 order, which denied Martre's motion for bond during the pendency of his habeas petition, denied Martre's motion to supplement the record, and denied Martre's motion to remand the case to state court. (Doc. No. 40.) Martre filed objections to that order and filed a second motion for bond. (Doc. Nos. 41, 42, and 45.) For the reasons discussed by this Court in a separate memorandum opinion and order dedicated to Martre's motions for bond, these objections are OVERRULED. (*See* Doc. No. 47.)

Following this Court's order denying Martre's second motion for bond, Martre filed a motion for reconsideration. (Doc. No. 48.) Martre then filed a motion to withdraw his motion for reconsideration so he could appeal this Court's order now—instead of waiting for an order on his motion for reconsideration. (Doc. No. 52.) For the following reasons, the Court denies Martre's motion for reconsideration and, thus, his motion to withdraw is denied as moot.

The basis of Martre's motion for reconsideration is his contention that this Court improperly determined that the state court did not decide Martre's motion as one brought under Ohio Rev. Code § 2981.03(A)(4). Martre contends that this Court improperly substituted its interpretation of his motion for that of the state court. This Court did not. This Court is bound by the record before it. As this Court discussed in its order, although Martre labeled his motion as a motion brought pursuant to Ohio Rev. Code § 2981.03(A)(4), he then provided case law and arguments consistent with a post-conviction motion for return of property. (Doc. No. 47, at 3 (citing Doc. No. 37-2, at 2–3).) In return, the state court's order made no mention of § 2981.03(A)(4), but instead explicitly stated that it considered Martre's "motion for an order of return of property" and ordered the return of property "to the extent that any items seized from defendant, that are being held by any law enforcement agency in Allen County, Ohio, that are not contraband or illegal for defendant to have, and are not being held for evidence, shall be returned to the defendant." (Doc. No. 37-1, at 1.) This language is consistent with a post-conviction motion for a return of property—not a motion under § 2981.03(A)(4). Even more, before Martre filed his motion for return of property, the trial court (and the Ohio Court of Appeals) determined that Martre had failed to present any evidence suggesting that a motion to suppress the search warrant would have been successful. (Doc. No. 8-1, at 461 (Ex. 48); *see also* Doc. No. 8-1, at 150–52 (Ex. 11).) Nothing in the trial court's order on Martre's motion for return of property indicates that the trial court changed its mind without any analysis or discussion. Thus, besides the header of Martre's motion, there is nothing in the record to suggest the state court interpreted his motion as one brought under § 2981.03(A)(4) and it would be improper for this Court to construe otherwise based on the record before it. Further, as the instant memorandum opinion finds that Martre's entire habeas petition must be dismissed, any motion for bond during the pendency of his habeas petition is moot, as is his motion for reconsideration. Accordingly, Martre's motion for reconsideration is DENIED. (Doc. No. 48.) For these same reasons, Martre's motion for an evidentiary hearing is DENIED. (Doc. No. 53.)

Along with his motion for reconsideration, Martre filed a simultaneous notice of appeal to the Sixth Circuit, appealing this Court's denial of his emergency motion for bond (Doc. No. 49), and a motion for pauper status (Doc. No. 50). Because this Court finds that Martre's motion for bond during the pendency of his habeas petition is now moot, so is any appeal of this Court's disposition of the same. As such, Martre's motion for pauper status is DENIED as moot.

dispositive matter, the district court must conduct a *de novo* review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In conducting its *de novo* review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

6

### III.   MARTRE'S OBJECTION TO THE REPORT AND RECOMMENDATION

Martre raises only one objection to the magistrate judge's R&R on his habeas petition: Martre objects to the magistrate judge's finding that his fifth ground for relief fails on the merits to the extent it argues that "appellate counsel was ineffective for failing to make the search warrant a part of the [appellate] record."[6] (Doc. No. 44, at 3.) Martre contends that it was a mistake for the magistrate judge to give deference to Ohio Court of Appeals' order denying his motion to reopen his appeal for ineffective assistance of counsel because the Ohio Court of Appeals improperly construed his motion to reopen his appeal as an untimely motion for reconsideration. (*Id.* at 4.) Martre contends that because the Ohio Court of Appeals did not reach the true merits of his motion—whether his appeal should be reopened to complete the record with the search warrant— the Ohio Court of Appeals' decision should have been afforded no deference and instead should have been reviewed *de novo*. (*Id.* at 4–5.) Accordingly, Martre asks this Court to review his motion to reopen his state appeal *de novo*. (*Id.* at 6.)

While it is true that the Ohio Court of Appeals did ultimately construe Martre's motion as an untimely motion for reconsideration, it did so after determining that Martre had no basis to bring a motion to reopen his appeal. (*See* Doc. No. 8-1, at 182 (Ex. 16) ("Upon consideration, the Court finds that the additional assignment of error raised in Appellant's application fails to show any genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." (citing App. R. 26(B)(5))).) Thus, the Ohio Court of Appeals did reach the merits of his motion and the magistrate judge was correct to afford deference to the Ohio Court of Appeals' decision. On this basis alone, Martre's objection to the magistrate judge's R&R is overruled.

But even if this Court reviewed *de novo* Martre's motion to reopen his appeal, it would

---

[6] Martre concedes in his objection that part of his fifth ground for relief was procedurally defaulted and he does not object to that finding by the magistrate judge. (Doc. No. 44, at 2–3.)

7

agree with the Ohio Court of Appeals' decision that Martre's motion to reopen his appeal because of ineffective appellate counsel lacked merit.

In his direct appeal, Martre argued that his trial counsel was ineffective for failing to investigate the search warrant for potential suppression issues. Because Martre pleaded no contest, to prevail on an ineffective assistance of counsel claim, he must establish that (1) counsel's conduct was defective, and (2) but for counsel's defective conduct, he would not have pleaded no contest and would have gone to trial instead. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *State v. Xie*, 584 N.E.2d 715, 717 (Ohio 1992) (citing *Hill*). The Ohio Court of Appeals found that Martre's trial counsel was defective for not investigating the search warrant (Doc. No. 8-1, at 150 (Ex. 13)[7]), but found that Martre could not establish any prejudice because his appeal did not articulate any defect with the search warrant that would have resulted in Martre not pleading no contest. (*Id.* at 150–51.)

The only alleged defect identified in Martre's direct appeal was his contention that the search warrant was dated for a date after the police searched his phone.[8] (Doc. No. 8-1, at 67–68 (Ex. 11); *see also* Doc. No. 8-1, at 151–52 (Ex. 13).) But, crucially, the Ohio Court of Appeals noted that Martre testified that he saw the search warrant when he was in custody in May 2017 and, thus, knew about any allegedly defective dates for almost an entire year before he chose to plead no contest. (Doc. No. 8-1, at 151–52 (Ex. 13); *see also* Doc. No. 8-1, at 67–68 (Ex. 11).)

---

[7] Martre's trial counsel admitted that he failed to see/read the search warrant at issue and thereby investigate potential suppression issues. (Doc. No. 8-1, at 149–50 (Ex. 13).)

[8] Before this Court, Martre now seems to suggest that the warrant was also defective because "the officer within the warrant failed to verify his own signature [until] 24-hours after the return of the warrant was made, and . . . failed to have another credible person ([w]itness) present dur[ing] the alleged search of the cellphone during the inventory process, required by Ohio [l]aw." (Doc. No. 44, at 13 (Objections to R&R); *see also* Doc. No. 12, at 6–7 (Traverse).) To the extent Martre is attempting to assert new Fourth Amendment grounds for relief, they are not cognizable on a federal habeas corpus petition because Martre had the opportunity to pursue Ohio's mechanisms for resolving Fourth Amendment claims. The magistrate judge made this same finding in the R&R and Martre did not object. (Doc. No. 43, at 16–17.)

8

Accordingly, the Ohio Court of Appeals found—and this Court agrees—that any allegedly defective dates cannot establish any "prejudice" that would have made Martre change his plea because he knew about those dates before he chose to plead no contest. (Doc. No. 8-1, at 152 (Ex. 13) ("Importantly, we fail to see how the date of search warrant impacted Martre's decision to enter a no-contest plea on the morning of his jury trial.").)

Martre seems to misread the Ohio Court of Appeals' opinion as he contends that the Ohio Court of Appeals denied his appeal because the search warrant was not part of the appellate record. (Doc. No. 44, at 10.) That is not what the Ohio Court of Appeals' opinion said. It said that Martre had failed to provide a "proffer that the outcome of Martre's case would have been different" or any other factual basis to suggest a motion to suppress would have been successful or otherwise made him not plead no contest.[9] (Doc. No. 8-1, at 150–51 (Ex. 13).) But including the search warrant as part of the appellate record would not change the fact that Martre cannot establish any prejudice from his trial counsel's failure to investigate the search warrant for potential suppression issues because, as the Ohio Court of Appeals clearly articulated, "we fail to see how the date of search warrant [which Martre knew about for over a year] impacted Martre's decision to enter a no-contest plea on the morning of his jury trial." (*Id.* at 152.) The Ohio Court of Appeals did not need to see the search warrant to make the determination that Martre knew about the only alleged defect concerning the search (allegedly defective dates) well in advance of his decision to plead

---

[9] A proffer is a statement of what the proponent believes the evidence will or would have shown. Here, Martre was required to proffer evidence to suggest that a motion to suppress would have been successful—Martre did not proffer any such evidence and that is why his appeal failed, not because the search warrant itself was not part of the appellate record.

The magistrate judge determined that the record belies Martre's contention that his cell phone was searched before the police obtained a search warrant and Martre does not object to that finding. (Doc. No. 43, at 21.) The search warrant Martre attached to his post-conviction petition in state court shows that the search warrant was executed on May 30, 2017. (Doc. No 8-1, at 563, 575.) Other documents attached to his post-conviction petition further rebut his argument that his cell phone was searched before police obtained a search warrant. (*Id.* at 559–81.) Accordingly, Martre's contention that the search of his cell phone was conducted without a warrant is without merit, and a motion to suppress the search warrant on these grounds likely would have been unsuccessful.

9

no contest. Thus, including the search warrant would not have changed the result of the appeal.

Martre has failed to establish that his appellate counsel was ineffective for failing to include the search warrant in the appellate record because including the search warrant in the appellate record would not have changed the result of his appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) ("Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."). And because Martre has failed to establish this his appellate counsel was ineffective, his motion to reopen his appeal based on ineffective appellate counsel lacked any merit. *State v. Simpson*, 172 N.E.3d 97, 104 (Ohio 2020) ("[A] defendant must show a genuine issue as to whether he has a colorable claim that his appellate counsel was ineffective in order to have his appeal reopened."). Accordingly, for the reasons discussed, Martre's objection to the R&R is overruled.

### IV. REMANING FINDINGS IN THE REPORT AND RECOMMENDATION

Neither Martre nor respondent filed any objections to any of the other findings by the magistrate judge in the R&R. The failure to file written objections to a magistrate judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This Court has reviewed the rest of Magistrate Judge Greenberg's R&R and accepts and adopts the same.

### V. MARTRE'S OBJECTIONS TO THE MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDERS

Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and

the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard. An abuse of discretion occurs when a court improperly applies the law or uses an erroneous legal standard." *Phillips v. Philip Morris Cos., Inc.*, No. 5:10-cv-1741, 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013) (some internal quotation marks omitted) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, No. 1:96-cv-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992))).

A finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . [T]he test is whether there is evidence in the record to support the lower court's finding, and whether its construction of the evidence is a reasonable one." *Phillips*, 2013 WL 3291516, at *2 (internal quotation marks omitted) (quoting *JGR, Inc.*, 2006 WL 456479, at *1 (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985))).

> Because the nondispositive review standard is highly deferential, magistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused. Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion. That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law.

*Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-cv-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) (internal citations omitted)); *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district

11

judge.").

Martre filed several non-dispositive motions during the pendency of his habeas petition. (Doc. Nos. 13, 14, 15, 22, 23, 29, 32, 34, 37.) The magistrate judge issued three separate orders, which collectively addressed all Martre's non-dispositive motions. (Doc. Nos. 26, 33, 40.) Martre filed objections to each of the magistrate judge's orders. (Doc. Nos. 28, 35, 41, 42.[10])

### A. Martre's Objections to the Magistrate Judge's Order Doc. No. 26

In Doc. No. 26, the magistrate judge made various findings related to Martre's motion to amend his petition (Doc. No. 13), motion for an evidentiary hearing (Doc. No. 14), motion to expand the record (Doc. No. 15), motion for leave to file a sur-reply instanter to all responses filed by the respondent (Doc. No. 22), and motion for leave to conduct discovery (Doc. No. 23). In his objection to Doc. No. 26, Martre filed three objections. (Doc. No. 28.) This Court will take each objection in turn.

**1. Martre objected to the magistrate judge denying his motion for leave to amend his petition to include a ground for relief that his plea was not knowingly, voluntarily, and intelligently made.**

Martre sought leave to amend his petition to add a ground for relief alleging his plea was not knowingly and voluntarily made (Doc. No. 13; *see also* Doc. No. 12, at 4, 10.), but the magistrate judge denied his motion because adding such a claim would be futile as the claim was procedurally defaulted. (Doc. No. 26, at 17–19.) In his objection, Martre contends that the magistrate judge misinterpreted the record and Martre did present his claim that his plea was not knowingly and voluntarily made to the trial court in his post-conviction petition.[11] (Doc. No. 28, at 3.) Having reviewed the magistrate judge's factual findings, this Court determines that they are

---

[10] As discussed *supra*, this Court addressed and overruled Martre's objections found in Doc. Nos. 41 and 42 in a separate memorandum opinion and order denying Martre's emergency motion for bond. (Doc. No. 47.)

[11] Martre concedes in his motion to amend his habeas petition that he did not raise this issue on direct appeal. (Doc. No. 13-1, at 12.)

12

not "clearly erroneous" as there is evidence in the record to support the magistrate judge's finding that Martre never presented the claim that his plea was not knowingly and voluntarily made to the trial court in his post-conviction petition. Specifically, the trial court itself spoke to this issue in its order denying Martre's post-conviction petition saying that Martre "did not claim that he did not enter a knowingly and voluntary plea because of the alleged non-disclosure of evidence by the state." (Doc. No. 8-1, at 584 (Ex. 62).) Martre points to the trial court's statement that the record shows that his plea was entered into knowingly and voluntarily, (Doc. No. 28, at 3 (citing Doc. No. 62, at 586)), but this statement does not establish that Martre raised the issue in his post-conviction petition. Further, the magistrate judge's determination that this claim was procedurally defaulted is not contrary to law.

Martre also contends in his objection that the magistrate judge (by accepting the conclusions of the state court) misapplied the doctrine of *res judicata*. (Doc. No. 28, at 4.) The doctrine of *res judicata* does not apply "if the evidence outside the record shows that the petitioner could not have appealed the constitutional claim based upon information in the original trial record." *Brinkley v. Houk*, 866 F. Supp. 2d 747, 778 (N.D. Ohio 2011), *amended in part on other grounds*, 2012 WL 1537661 (N.D. Ohio 2012) *and aff'd on other grounds*, 831 F.3d 356 (6th Cir. 2016) (applying Ohio law). Martre contends that the evidence necessary to establish his claim that his plea was not knowingly and voluntarily made, namely, the search warrant, was not available to him until after direct appeal. (Doc. No. 28, at 4–5.) Having reviewed the magistrate judge's order, this Court finds the determination that Martre's claim is barred by the doctrine of *res judicata* is neither "clearly erroneous" nor "contrary to law." The magistrate judge correctly noted that an Ohio court's application of the doctrine of *res judicata* bars federal habeas relief. (Doc. No. 26, at 18 (citing *Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012) (further citation omitted)).)

13

Federal courts may review the merits of a claim where an Ohio reviewing court improperly applied the doctrine of *res judicata*, *Richey v. Bradshaw*, 498 F.3d 344, 359 (6th Cir. 2007), but, as discussed *supra*, the record in this case establishes that Martre saw the search warrant and any allegedly defective dates before he entered into his no contest plea and, thus, the allegation that the search warrant had defective dates was not outside the record for purposes of barring his claim under the doctrine of *res judicata*.

For both of these reasons, Martre's objections to the to the magistrate judge's order denying his motion for leave to amend his petition to include a ground for relief that his plea was not knowingly, voluntarily, and intelligently made, are overruled.

### 2. Martre objected to the magistrate judge denying his motion for leave to amend his petition to include a ground for relief based on prosecutorial misconduct.

Martre also sought leave to amend his petition to add a ground for relief alleging prosecutorial misconduct (Doc. No. 13-1, at 13), but the magistrate judge denied his motion because adding such a claim would be futile as the claim was procedurally defaulted because Martre's post-conviction appeal on this ground was untimely and barred by the doctrine of *res judicata*. (Doc. No. 26, at 22.) In his objection, Martre repeats his same earlier objection that the magistrate judge (by accepting the conclusions of the state court) misapplied the doctrine of *res judicata*. (Doc. No. 28, at 6–8.) For the same reasons stated above related to the search warrant, having reviewed the magistrate judge's order, this Court finds the determination that Martre's claim is barred by the doctrine of *res judicata* is neither clearly erroneous nor contrary to law.

Martre also objects to the magistrate judge's determination that his claim for prosecutorial misconduct was procedurally defaulted because Martre failed to file a timely appellate brief in accordance with Ohio rules. (Doc. No. 8–9.) Martre seems to concede that he failed to file a timely brief in an earlier post-conviction appeal alleging the same claim, but contends, without citing any

14

supportive case law, that the magistrate judge should excuse his untimely brief and hear his claim brought in the subsequent post-conviction petition because his claim in the subsequent petition is supported by what he views to be new evidence.[12] (*Id.*) Having reviewed the magistrate judge's order, this Court finds the determination that Martre's claim is procedurally defaulted because he failed to file a timely appellate brief is neither clearly erroneous nor contrary to law.

For both of these reasons, Martre's objections to the magistrate judge denying his motion for leave to amend his petition to include a ground for relief based on prosecutorial misconduct are overruled.

### 3. Martre objected to the magistrate judge denying his motion to expand the record with two additional exhibits.

Martre also moved to expand the record with five additional exhibits. The magistrate judge granted Martre's motion as to two documents but denied it as to the other three. (Doc. No. 26, at 26–28.) Martre objects to the denial of two documents: "AA" (judgment entry on Martre's motion for a copy of the search warrant) and "BB" (Lima Police Report). (Doc. No. 28, at 9–10.) Having reviewed the magistrate judge's order, this Court finds that the decision to deny the inclusion of AA and BB was not clearly erroneous or contrary to law and nothing in Martre's objections suggests otherwise.

In fact, Martre's "objection" to AA is not a valid objection but instead a new argument as to why he believes the document should be included. (Doc. No. 28, at 9.) "'[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.'" *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir.

---

[12] In his objections, Martre cites to a case discussing bars to the doctrine of *res judicata*, which is not relevant to the separate procedural bar applied by the state courts because of his untimely appellate brief. (*See* Doc. No. 28, at 9.)

2000)). Martre offers no reason, let alone a compelling reason, for failing to present this argument to the magistrate judge. As such, any objection to the exclusion of AA is overruled.

Similarly, in his "objection" to BB, Martre notes that the Lima Police Report has now been filed in "yet another" post-conviction petition for relief in state court. (Doc. No. 28, at 9.) And this Court agrees with the magistrate judge that, contrary to Martre's assertion, the Lima Police Report does not support his claim that his cell phone was searched by the Toledo Police Department without a warrant because the Lima Police Report was authored by a different police department, months after his arrest, and makes no mention as to when the search warrant was obtained or executed by the Toledo Police Department. Accordingly, Martre's objection to the magistrate judge's denying his motion to expand the record with BB is also overruled.

### B. Martre's Objections to the Magistrate Judge's Order Doc. No. 33

In Doc. No. 33, the magistrate judge denied Martre's supplemental motion for an evidentiary hearing, this time to address (1) the search warrant's alleged failure to comply with the verification process of Ohio Rev. Code § 2933.241[13] and (2) why a Lima Police Report charged Martre with sexual pandering before the search warrant was issued. (Doc. No. 29, at 2–3.) Martre contends in his objection that the magistrate judge relied on the wrong documents to assess Martre's motion for an evidentiary hearing and, had the magistrate judge relied on the correct documents, the motion should have been granted and that the magistrate judge misconstrued the Lima Police Report. (Doc. No. 35, at 2.)

According to Martre, the search warrant itself demonstrates the alleged deficiency. (*Id.*) Martre then seems to suggest that the motion for an evidentiary hearing is now moot and he "no

---

[13] Martre filed an initial motion for an evidentiary hearing, asking the court to hold an evidentiary hearing to resolve what he perceived to be a factual dispute as to timing of the search warrant. (Doc. No. 14.) The magistrate judge issued an order finding that there is no factual dispute as to the timing of the search warrant (Doc. No. 26, at 25), and Martre did not object to that finding. (*See* Doc. No. 29, at 2.)

16

longer needs this court to rule on the legality of [the search] warrant" because he believes the trial court issued an order under Ohio Rev. Code § 2981.03(A)(4), finding the search warrant was unlawful and suppressing the underlying search of his cell phone. (*Id.* at 2–3.) For all the reasons discussed *supra,* and in this Court's separate memorandum opinion and order dedicated to Martre's motions for bond, Martre's contention is not supported by the record. Rather, the trial court's order returning his property was an order granting a post-conviction motion for return of property, not an order suppressing unlawfully seized evidence pursuant to Ohio Rev. Code § 2981.03(A)(4). Martre does not otherwise object to the magistrate judge's determination that the Martre has not established a factual issue as to whether the verification form was valid and, thus, this objection is overruled.

Turning to the Lima Police Report, Martre contends that the magistrate judge overlooked the importance of the report and claims that it demonstrates that the Toledo Police Department searched his cell phone before they obtained a search warrant, asking "[h]ow can an officer several counties away [in Lima] charge [Martre] with an offense related to [his] cell phone on May 25, 2017 at 8:15 a.m. if the Toledo Police [D]epartment did not obtain the search warrant . . . until [M]ay 26 20[]17[.]" (Doc. No. 35, at 4.) Because the magistrate judge addressed the timing of the search warrant in response to Martre's initial motion for an evidentiary hearing, to which Martre did not object, the magistrate judge rightly focused the analysis of Martre's second motion for an evidentiary hearing on the new alleged factual dispute he presented, which was whether the verification form complied with Ohio law. Although the magistrate judge did not directly address Martre's second request for an evidentiary hearing to resolve the timing of the search warrant, the magistrate judge elsewhere explained why the Lima Police Report does not establish what Martre contends. (Doc. No. 26, at 27.) This Court agrees with the magistrate judge.

The Lima Police Report does not create a factual dispute as to the timing of the search warrant. As discussed *supra*, the Lima Police Report was authored by a different police department, months after his arrest, and makes no mention as to when the search warrant was obtained or executed by the Toledo Police Department. Further undermining Martre's version of events, the actual search warrant and documents authored by the Toledo Police Department establish that the search warrant was issued on May 26, 2017, and executed on May 30, 2017. (Doc. No. 8-1, at 575; 576–77; 578; 580; 581.) As the Ohio Court of Appeals held: "[Martre] presents no evidence that the phone was searched prior to the issuance of the warrant other than his bare assertions. His bald assertions are not supported by the record[.]" *State v. Martre*, Nos. L-19-1185 & L-19-1236, 2020 WL 2611854, at *2 (Ohio Ct. App. May 22, 2020) (citing *State v. Golden*, 896 N.E.2d 170 (Ohio Ct. App. 2008). For these reasons, Martre's objection to the denied evidentiary hearing is overruled.

Despite all that, Martre still seems to suggest that because the Lima Police Report notes that he was charged with sexual pandering on May 25, 2017, this somehow proves that the Toledo Police Department searched his phone without a warrant. Whether this date was a typo or correct, it is irrelevant to Martre's point because Martre simply ignores other evidence of his crimes available to the Lima Police Department on May 25, 2017. Namely, a witness who viewed videos on Martre's cell phone of Martre's arm (with a distinguishing tattoo) inappropriately touching two children, and who then reported what she observed to the Toledo Police Department on May 25, 2017, at the same time she turned over his phone and told the police that she believed the videos were of Martre's ex-girlfriend's daughters who lived in Lima. (Doc. No. 8-1, at 629–30 (Supplement Crime Report).) The Toledo Police Department's Supplemental Crime Report indicates that after Martre was arrested on May 25, 2017, a Toledo detective contacted the Lima

18

Police Department and informed them of these allegations. (Doc. No. 8-1, at 629.) Martre does not contend that this evidence was insufficient to establish probable cause to charge/arrest him with pandering sexually-oriented matter at that time.

Accordingly, Martre's objections to the magistrate judge's order denying his motion for an evidentiary hearing are overruled.

## VI. CONCLUSION

For the reasons set forth herein, Martre's objections to the magistrate judge's non-dispositive orders (Doc. Nos. 26, 33), are OVERRULED; Martre's motion for reconsideration of his emergency motion for bond is DENIED (Doc. No. 48); Martre's motion for pauper status is DENIED (Doc. No. 50); Martre's motion to withdraw his motion for reconsideration is DENIED (Doc. No. 52); Martre's motion for an evidentiary hearing is DENIED (Doc. No. 53); Martre's objection to the R&R is OVERRULED, and the R&R is ACCEPTED. (Doc. No. 43.) The petition for writ of habeas corpus is DISMISSED IN PART and DENIED IN PART. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 17, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**